# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| AMEGY BANK OF TEXAS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. 3:20-cv-00375-N |
| CGI FRANCHISE SYSTEMS, INC.; | § | |
| ROGER MACDONELL; and | § | |
| SHARON MACDONELL, | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANT SHARON MACDONELL'S RESPONSE TO DEFENDANTS ROGER MACDONELL AND CGIFSI'S OBJECTIONS TO HER SUMMARY JUDGMENT EVIDENCE

**KELLI M. HINSON**
  Texas State Bar No. 00793956
  Email: khinson@ccsb.com
**SVEN STRICKER**
  Texas State Bar No. 24110418
  Email: sstricker@ccsb.com
**CARRINGTON, COLEMAN, SLOMAN**
  **& BLUMENTHAL, L.L.P.**
901 Main Street, Suite 5500
Dallas, Texas 75202-3767
214/855-3000 (phone)
214/580-2641 (fax)

*Attorneys for Defendant*
*Sharon MacDonell*

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................... ii

"AUTHENTICATION" OBJECTIONS ....................................................................... 1

RELEVANCE OBJECTIONS ........................................................................................ 2

    A.    Evidence concerning Roger's obstruction and delay in the French Divorce Proceeding and his plans to secrete the Disputed Funds if permitted is relevant. .......................... 3

    B.    Evidence concerning the history, status, and prospective timeline of the French Divorce Proceeding is relevant. ................... 4

    C.    Roger cannot exclude Sharon's evidence by claiming res judicata. .................. 5

HEARSAY OBJECTIONS ............................................................................................. 8

OBJECTIONS THAT STATEMENTS ARE NOT WITHIN
DECLARANT'S PERSONAL KNOWLEDGE ............................................................ 10

OBJECTIONS TO ENGLISH TRANSLATIONS OF
FRENCH DOCUMENTS ............................................................................................. 11

CONCLUSION AND PRAYER ................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re ATOM Instrument Corp.*,
   478 B.R. 252 (Bankr. S.D. Tex. 2012) ....................................................................................... 7

*Bowen v. Redlin*,
   389 S.W.2d 539 (Tex. Civ. App.—Corpus Christi 1965, no writ) ............................................. 7

*Bricks Unlimited, Inc. v. Agee*,
   672 F.2d 1255 (5th Cir. 1982) ..................................................................................................... 3

*Craig v. B. Riley FBR, Inc.*,
   No. 3:19-CV-0058-G, 2020 WL 6889018 (N.D. Tex. Nov. 23, 2020) ....................................... 9

*Dearborn Life Ins. Co. v. Curtis*,
   No. 1:20-CV-316-RP, 2020 WL 6875274 (W.D. Tex. Nov. 9, 2020) ....................................... 3

*DeYoung v. Dillon Logistics, Inc.*
   No. 6:19-CV-00527, 2021 WL 414536 (E.D. Tex. Feb. 5, 2021 ................................................ 8

*First Nat. Bank of Ft. Worth v. U.S.*,
   633 F.2d 1168 (5th Cir. 1981) ..................................................................................................... 3

*Galaxy Powersports, LLC v. Benzhou Vehicle Indus. Grp. Co.*,
   No. 3:10-CV-00360-P, 2012 WL 13024094 (N.D. Tex. Sept. 27, 2012) .................................. 2

*Garcia v. LG Elecs. U.S.A., Inc.*,
   No. CV B-11-167, 2012 WL 12894797 (S.D. Tex. July 6, 2012) ........................................... 10

*HSBC Bank USA, N.A. v. Watson*,
   377 S.W.3d 766 (Tex. App.—Dallas 2012, pet. dism'd) ............................................................ 6

*Johnson v. Rancho Guadalupe, Inc.*,
   789 S.W.2d 596 (Tex. App.—Texarkana 1990, writ denied) .................................................... 8

*Madeksho v. Abraham, Watkins, Nichols & Friend*,
   112 S.W.3d 679 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) ............................... 3, 4

*Marine Indem. Ins. Co. of Am. v. Lockwood Warehouse & Storage*,
   115 F.3d 282 (5th Cir. 1997) ....................................................................................................... 3

*Marino v. State Farm Fire & Casualty Insurance Company*,
   787 S.W.2d 948 (Tex.1990) ........................................................................................................ 7

*In re: Marriage of Benson*,
    36 Cal. 4th 1096 (Cal. 2005) .................................................................................................3

*Maurer v. Independence Town*,
    870 F.3d 380 (5th Cir. 2017) .................................................................................................1

*MetroPCS v. Thomas*,
    327 F.R.D. 600 (N.D. Tex. 2018) ..........................................................................................2

*Prudential Ins. Co. of Am. v. Sagers*,
    421 F. Supp. 3d 1199 (D. Utah 2019) ...................................................................................9

*Rhoades v. Casey*,
    196 F.3d 592 (5th Cir. 1999) .................................................................................................3

*Taniguchi v. Kan Pac. Saipan, Ltd.*,
    566 U.S. 560 (2012) ............................................................................................................12

*Treadway v. Exxizz Foods, Inc.*,
    No. 2:18-CV-259, 2019 WL 1542082 (S.D. Tex. Apr. 9, 2019) .........................................10

*Treadway v. Otero*,
    No. 2:18-CV-259, 2019 WL 2161561 (S.D. Tex. May 17, 2019) .......................................10

*Trujillo v. Volt Mgmt. Corp.*,
    846 F. App'x 233 (5th Cir. 2021) .....................................................................................1, 8

*United States v. Barlow*,
    568 F.3d 215 (5th Cir. 2009) .................................................................................................2

*Ureteknologia De Mexico S.A. De C.V. v. Uretek (USA), Inc.*,
    No. h-16-2762, 2018 WL 4680603 (S.D. Tex. Sept. 28, 2018) ..........................................12

*Vemex Trading Corp. v. Tech. Ventures, Inc.*,
    563 F. App'x 318 (5th Cir. 2014) .........................................................................................9

**Statutes**

Cal. Fam. Code §751 .....................................................................................................................3

Cal. Fam. Code §2100(a) ..............................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 56(c)(4) ..................................................................................................................1

Fed. R. Evid. 801 ...........................................................................................................................9

Fed. R. Evid. 901(b)(1) ............................................................................................................2

Tex. R. Civ. Proc. 296...............................................................................................................8

Tex. R. Civ. Proc. 329b(a) & (c)...............................................................................................8

TO THE HONORABLE COURT:

In reply to Sharon's summary judgment Response Brief,[1] Roger and CGIFSI (collectively referred to as "Roger") notably do not dispute any of the factual statements recited in Sharon's brief. Nevertheless, Roger has interposed pages and pages of objections to the form of Sharon's evidence. (Dkt. 39). Those objections are without merit and should be denied, and Roger's motion for summary judgment should be denied based on the evidence and arguments set out in Sharon's Response.

## "AUTHENTICATION" OBJECTIONS

Roger's most prevalent objection to Sharon's summary judgment evidence is that it is not properly "authenticated." But "[a]t the summary judgment stage evidence ***need not be authenticated***" so long as it is ***capable*** of being presented in an admissible form at trial. *Trujillo v. Volt Mgmt. Corp.*, 846 F. App'x 233, 236 (5th Cir. 2021) (emphasis added) (quoting *Maurer v. Independence Town*, 870 F.3d 380, 384 (5th Cir. 2017)). Indeed, contrary to Roger's arguments, "in a motion for summary judgment the evidence ***does not need to be in a format that would be admissible at trial***, rather the party offering the summary judgment evidence must be able to prove the underlying facts at trial with admissible evidence." *Id.* (emphasis added). Rule 56 provides that a "party may object that the material cited to support or dispute a fact ***cannot be presented*** in a form that would be admissible in evidence"—not that it has not been presented in admissible form. Fed. R. Civ. P. 56(c)(4). Therefore, even if the summary judgment evidence cited by Sharon were not properly authenticated, the Court must

---

[1] Sharon's Response Brief is at Dkt. 35, and Roger's Reply is at Dkt. 38.

**DEFENDANT SHARON MACDONELL'S RESPONSE TO DEFENDANTS ROGER MACDONELL AND CGIFSI'S OBJECTIONS TO HER SUMMARY JUDGMENT EVIDENCE**   Page 1

still consider it unless Roger credibly argued that it could not be presented in an admissible form. Roger did not even attempt to make such an argument.

In any event, the summary judgment evidence Roger objects to is, in fact, properly authenticated. This is not a burdensome standard. *United States v. Barlow*, 568 F.3d 215, 220 (5th Cir. 2009). Federal Rule of Evidence 901 provides multiple, non-exclusive, examples of how a document may be authenticated, including "testimony that an item is what it is claimed to be." Fed. R. Evid. 901(b)(1). Sharon properly authenticated the summary judgment evidence through her declaration and that of Jerome Boursican attesting that the attached exhibits are "true and correct copies" of the documents described. *MetroPCS v. Thomas*, 327 F.R.D. 600, 620 (N.D. Tex. 2018) (declaration that attached exhibits were true and correct copies was proper authentication); *Galaxy Powersports, LLC v. Benzhou Vehicle Indus. Grp. Co.,* No. 3:10-CV-00360-P, 2012 WL 13024094, at *4 (N.D. Tex. Sept. 27, 2012) (same). Roger provides no support for his boilerplate objection that the declarations are not "sufficient to support a finding that the item is what [the witness] claims it is."

## RELEVANCE OBJECTIONS

Roger also objects to all the evidence of his obstruction and delay in the French Divorce Proceeding and his attempts to hide money rightfully belonging to Sharon as "irrelevant to determining the ownership of the funds in the Account." Notably, he doesn't deny he engaged in any of this conduct and doesn't deny that, if this Court gives him the Disputed Funds, he will transfer them—and essentially all of CGIFSI's value—to himself in Monaco. He has already taken at least half the money in the CGIFSI account for himself, and now wants to take the other half as well. This, despite the fact that the French Court has now held the value of

CGIFSI to be community property and, under relevant California law, "[e]ach spouse owns a one-half interest in all community property." *In re: Marriage of Benson*, 36 Cal. 4th 1096 (Cal. 2005) (citing Cal. Fam. Code §751).

      A.    **Evidence concerning Roger's obstruction and delay in the French Divorce Proceeding and his plans to secrete the Disputed Funds if permitted is relevant.**

As discussed in Sharon's Response to Roger and CGIFSI's Motion for Summary Judgment, the Court has broad discretion and should "consider the equities" in determining who is entitled to the Disputed Funds. *Dearborn Life Ins. Co. v. Curtis*, No. 1:20-CV-316-RP, 2020 WL 6875274, at *5 (W.D. Tex. Nov. 9, 2020), report and recommendation adopted, No. 1:20-CV-316-RP, 2020 WL 9216374 (W.D. Tex. Dec. 4, 2020) (citing *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999)); *First Nat. Bank of Ft. Worth v. U.S.*, 633 F.2d 1168, 1172 (5th Cir. 1981). In determining the disposition of interpleaded funds, the Court "sit[s] as a court of equity, and possess[es] the remedial flexibility of a chancellor in shaping [its] decree so as to do complete equity between the parties." *Marine Indem. Ins. Co. of Am. v. Lockwood Warehouse & Storage*, 115 F.3d 282, 287 (5th Cir. 1997) (quoting *Bricks Unlimited, Inc. v. Agee*, 672 F.2d 1255, 1261 (5th Cir. 1982)); *Madeksho v. Abraham, Watkins, Nichols & Friend*, 112 S.W.3d 679, 688 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) ("interpleader is an equitable remedy intended to fill the gaps when legal remedies are inadequate").

The facts that (1) CGIFSI is purely a holding company and Roger has no legitimate business need to move the Disputed Funds to Monaco (Sharon Decl., ¶ 7 (S.APP_4); Boursican Decl. ¶ 11 (S.APP_24)) and (2) Roger has a history of obstructing the French Divorce Proceeding and secreting community property funds in order to remove them from Sharon's

reach (Sharon Decl., ¶¶ 5-7, and referenced Exhibits (S.APP_3-20); Boursican Decl., ¶¶ 3-7, 12-29 and referenced Exhibits (S.APP_21-133)) are certainly relevant to the equities and the Court's ruling as to whether summary judgment is appropriate in this case. *Madeksho*, 112 S.W.3d at 689 (noting that a judgment in a separate suit may come too late because the respondents "offer us no guarantee that if they receive the interpleaded funds, they will ever be seen again").

Roger argues in his Reply that, even though the French Divorce Court lacks jurisdiction to freeze or otherwise protect the Disputed Funds, the French Court "has jurisdiction over *Roger*, and may direct him to pay money to Sharon or be held in contempt, and may take any wrongdoing into account in completing its division of the community estate." (Dkt. 38, p. 14-15) (emphasis in original). The evidence proffered by Sharon regarding Roger's obstruction of and lack of cooperation in the French Proceeding and his utter disregard of that court's orders—to the point of being subject to a daily monetary fine as a result of his non-compliance—is also relevant to rebut this argument that no action is necessary to preserve the Disputed Funds pending the French Court's ruling on the just and right division. *See*, Cal. Fam. Code §2100(a) (policy of the State of California is "to marshal, preserve, and protect community and quasi-community assets and liabilities that exist at the date of separation so as to avoid dissipation of the community estate before distribution").

    **B.**    **Evidence concerning the history, status, and prospective timeline of the French Divorce Proceeding is relevant.**

Contrary to the repeated refrain in Roger's Reply, Sharon is not asking this Court to "second guess the judgments of the 116th District Court and the French Divorce Court by issuing a conflicting decision at odds with these valid, subsisting judgments." (Dkt. 38, p. 6).

The evidence offered by Sharon concerning the procedural history of the French Divorce Proceeding, its status at the time of the state court summary judgment ruling, subsequent events, and what the French Court has left to do, primarily contained in the Boursican Declaration, is relevant to understanding the fallacy of Roger's argument.

In the state court action, Roger moved for summary judgment on Sharon's claims against Roger on the grounds that "such claims belong in the French divorce court for its determination of what is community property and what is not." (R.APP_145). So Judge Parker did not make any ruling with regard to the community nature of the Disputed Funds or Roger's entitlement to the funds that Sharon is now "attempt[ing] to re-litigate." Since the summary judgment ruling, the French Divorce Court has now ruled against Roger on these issues and is in the process of finalizing the "just-and-right division of community property" that Roger acknowledges needs to take place. (Boursican Decl., ¶¶ 13-29 (S.APP_24-27)). It is Roger who is trying to circumvent and frustrate the French Judgment by grabbing the Disputed Funds before the French Court finalizes this process.

### C. Roger cannot exclude Sharon's evidence by claiming res judicata.

Roger brushes off Sharon's arguments about her interest in the Disputed Funds and claims her evidence related to such arguments is not relevant based on his assertion that the issue has already been decided and is barred by res judicata. Roger is wrong for all the reasons set out in Sharon's Response, which she will not reiterate here. But a few arguments made by Roger in his Reply merit discussion.

Although Sharon's claims in the state court lawsuit relied, in part, on the same egregious conduct by Roger as her arguments in this Court, they were not the same claims and

arguments and were not based on the effect of the French Judgment that had not yet been issued. As discussed above, the state court did not rule on the community nature of the Disputed Funds or Sharon's interest in them. But moreover, Roger's argument that the state court summary judgment was a "judgment on the merits" of Sharon's claims relies on cases involving summary judgments based on statutes of limitations, which are inapplicable here. At Roger's request, the state court deferred to the French Divorce Court to resolve disputed issues regarding the characterization of community property. Roger has not cited any cases involving similar circumstances in which the state court's dismissal was then considered res judicata preventing the Divorce Court's decision from being effectuated.

Indeed, in one of the cases cited by Roger, the court distinguished between a ruling that the plaintiff had failed to meet the elements of its claim, which would be "on the merits," and a ruling that the plaintiff lacked standing to bring the claims in the first instance, which would not. *HSBC Bank USA, N.A. v. Watson*, 377 S.W.3d 766, 771 (Tex. App.—Dallas 2012, pet. dism'd). Roger's summary judgment was based on the argument that Sharon's claims "belong to the community estate itself, not the divorcing spouses, and must be resolved by the divorce court." (R.APP_135). Now that the French Divorce Court has ruled against him, he can no longer lay claim to the Disputed Funds.

Roger also argues that Sharon's description of his summary judgment grounds were misleading because he only used the words "justiciable controversy" with regard to Sharon's declaratory judgment claims. But his argument that there was no "justiciable controversy" was based on the theory that there were no viable claims between the parties, which he argued with regard to *all* of Sharon's claims.

Roger also argues in his Reply that Sharon "fails to identify any particular claim arising from the French Judgment that had not accrued at the time of the State Court Action." (Dkt. 38, p. 9). To the contrary, ***the French Judgment—issued after the state court summary judgment—established the community nature of CGIFSI, on which Sharon bases her claim to the Disputed Funds in this Court.*** Yes, Sharon did allege CGIFSI should be community property in the state court case, but Roger got those claims dismissed on the grounds that the French Court had not yet made that determination. It is disingenuous to now argue that the French Court's ruling is not a new fact "that may alter the legal rights of the parties" and prevent application of res judicata. *In re ATOM Instrument Corp.*, 478 B.R. 252, 260 (Bankr. S.D. Tex. 2012) (citing *Marino v. State Farm Fire & Casualty Insurance Company*, 787 S.W.2d 948, 949–950 (Tex.1990)).

Roger's attempt to distinguish the denial of Sharon's request to set aside the summary judgment so that she could allege this change in circumstances from a denial of leave to amend pleadings is not persuasive. The Court's denial of Sharon's motion for new trial necessarily denied Sharon the opportunity to present this new evidence.

Roger relies on the 1965 case of *Bowen v. Redlin*, 389 S.W.2d 539, 541 (Tex. Civ. App.—Corpus Christi 1965, no writ) to argue that, in the absence of express findings and conclusions by the trial judge, this Court must presume Judge Parker found that the French Judgment did not raise any issue sufficient to vacate the summary judgment. In that case, the court ruled after an evidentiary hearing rather than allowing the motion to be overruled as a matter of law. But moreover, since 1965, the Texas Rules of Civil Procedure have been amended in such a way so as to exclude the opportunity to request findings and conclusions

after a motion for new trial is denied, and so such presumption no longer exists. *Johnson v. Rancho Guadalupe, Inc.*, 789 S.W.2d 596, 602 (Tex. App.—Texarkana 1990, writ denied); *compare,* Tex. R. Civ. Proc. 296 (parties must request findings of fact within 20 days after judgement); and Tex. R. Civ. Proc. 329b(a) & (c) (motion for new trial must be filed within 30 days after judgment, and it is overruled by operation of law if not ruled upon within 75 days). Finally, any such presumption would only apply to "controverted facts." *Johnson*, 789 S.W.2d at 602. The parties here dispute the legal effect of, not the fact of, the French Judgment.

In summary, Roger's res judicata arguments fail, and his argument that evidence regarding Sharon's interest in the Disputed Funds is not relevant to the Court's consideration of the pending motion necessarily fails as well.

## HEARSAY OBJECTIONS

Roger's hearsay objections are likewise without merit, particularly at the summary judgment stage. For example, Roger objects that Exhibit A to Sharon's Declaration, the accounting spreadsheet of distributions produced by counsel for Worldwide Express in the state court lawsuit, is inadmissible hearsay. (S.APP_7-8). However, at the summary judgment stage, the Court can still consider the evidence unless it appears Sharon ***could not*** present it in admissible form at trial. As in *DeYoung v. Dillon Logistics, Inc.*, it "stretches credulity to think that [Sharon] could not authenticate this document or establish it as a business record at trial" and it is, therefore, proper summary judgment evidence. No. 6:19-CV-00527, 2021 WL 414536, at *3 (E.D. Tex. Feb. 5, 2021); *see also*, *Trujillo v. Volt Mgmt. Corp.,* 846 F. App'x 233, 237 (5th Cir. 2021) (holding there was "nothing to compel a conclusion that the

underlying facts, presented by Volt, would not be able to be proven at trial with admissible evidence"). Roger's hearsay objection to Exhibit B, a bank statement obtained via a subpoena to Wells Fargo, suffers from the same defect and should also be overruled. (S.APP_10-11).

Roger's hearsay objections to Paragraphs 22, 25, and 28 of the Boursican Declaration are also misplaced. (S.APP_26-27). In these paragraphs, Boursican testifies as to instructions given to Roger by the Notaire, requests made by Boursican to the Notaire, and Roger's refusal to comply with any instructions or requests. Such statements are not offered for the truth of the matter asserted, but rather, for the fact that the instructions were given and the requests were made and that Roger refused to comply. That is not hearsay. *Vemex Trading Corp. v. Tech. Ventures, Inc.*, 563 F. App'x 318, 324 (5th Cir. 2014) (holding testimony regarding requests made by one party and the other party's refusal to comply was not hearsay).

Likewise, the various orders entered by the French Divorce Court and the California Court are not hearsay. In a procedurally-similar case, the court in *Prudential Ins. Co. of Am. v. Sagers*, 421 F. Supp. 3d 1199 (D. Utah 2019) held that the statements made by the divorce court in its orders, both oral and written, were not hearsay in a subsequent interpleader action between the divorced parties. *Id*. at 1204 (noting that "orders by the court are not offered for the truth of those statements, but rather to demonstrate the legal effect of the statements on the parties, and 'statements affecting the legal rights of parties are excluded from the definition of hearsay'"); *see also*, *Craig v. B. Riley FBR, Inc.*, No. 3:19-CV-0058-G, 2020 WL 6889018, at *9 (N.D. Tex. Nov. 23, 2020) (citing Fed. R. Evid. 801, Advisory Comm. Note to Subdivision) (c) (Rule 801(c) "exclude[s] from hearsay the entire category of 'verbal acts'...in which the statement itself affects the legal rights of the parties or is a circumstance bearing on conduct

affecting their rights."). In addition, to the extent the courts are expressing their mental impressions based on the events taking place before them, such statements would be excluded from the hearsay rule under Rule 802(1) and 802(3).

## OBJECTIONS THAT STATEMENTS ARE NOT WITHIN DECLARANT'S PERSONAL KNOWLEDGE

Roger also objects to several statements on the grounds that they are not within the declarant's personal knowledge and/or consist of unsupported factual or legal conclusions. These objections should be overruled.

Many of the statements are identified as being on information and belief and serve as background or context for the statements that follow. *See, e.g., Treadway v. Exxizz Foods, Inc.*, No. 2:18-CV-259, 2019 WL 1542082, at *3 (S.D. Tex. Apr. 9, 2019), aff'd sub nom. *Treadway v. Otero*, No. 2:18-CV-259, 2019 WL 2161561 (S.D. Tex. May 17, 2019) (overruling objections to affidavit, noting that "to the extent the affidavit includes matters outside of [the declarant's] personal knowledge, those matters merely provide context").

Other statements to which Roger objects obviously are in the declarants' personal knowledge, and Roger fails to provide any argument otherwise, other than his boilerplate objection. The witnesses' personal knowledge can be reasonably inferred from the nature of their participation in the matters to which they swore. *Garcia v. LG Elecs. U.S.A., Inc.*, No. CV B-11-167, 2012 WL 12894797, at *3 (S.D. Tex. July 6, 2012). *See, e.g.,*

- MacDonell Declaration ¶ 5 (Roger failed to disclose certain information to her or the Court);

- ¶ 6 (Roger failed to disclose financial information to the French Court and failed to cooperate in the division of property);

- ¶ 7 (Roger has engaged in a pattern of behavior designed to hide money from Sharon and the French Divorce Court);

- ¶ 7 (the companies at issue have no business in Monaco and there is no legitimate business reason to move the Disputed Funds offshore);

- ¶ 7 (Roger told Sharon he would preserve 50% of the Shipping Logistics sales proceeds but now refuses to tell her where the money is);

- ¶ 7 (Sharon is concerned she will never see the Disputed Funds again if Roger is allowed to move them out of the Amegy Account);

- Boursican Declaration ¶¶ 3, 6-7, 18, 19, 21-22, 25 (description of events occurring and witnessed by Boursican during the course of the MacDonell's divorce proceedings, during which Boursican was counsel of record);

- ¶ 4, 8, 9 (Boursican's recitation of rulings made by the French and California courts, as confirmed by the attached exhibits);

- ¶ 5 (Roger has never given his true personal financial picture nor the financial picture of the MacDonell community estate);

- ¶ 7 (Boursican's conclusions based on his investigation of Roger's finances and Roger's refusal to tell Boursican where the monies are located);

- ¶ 11 (nature and lack of operations of CGIFSI, a company he has become well familiar with during his many years representing Sharon);

- ¶ 12 (Roger has refused to cooperate in disclosing his assets in the French proceeding);

- ¶ 29 (Boursican's understanding of the status, next steps, and timing of the French Divorce Proceeding based on his role as counsel in that proceeding for many years).

## OBJECTIONS TO ENGLISH TRANSLATIONS OF FRENCH DOCUMENTS

Roger's objections to the French court documents and corresponding English translations attached to Boursican's Declaration (Boursican's Declaration, Exhibits 2-A through 2-D, and 2-F through 2-G) should also be overruled. Roger argues that documentary evidence in a foreign language "must be translated" so that the content of the material is

accessible to the Court. But, unlike the cases cited by Roger, Boursican provided English translations for each of the French documents attached to his Declaration and swore to the content of the relevant statements. Sharon is not, therefore, attempting to rely on any "untranslated [foreign language]," and Roger's cited cases are, therefore, inapplicable. *See, Ureteknologia De Mexico S.A. De C.V. v. Uretek (USA), Inc.*, No. h-16-2762, 2018 WL 4680603, at *10 (S.D. Tex. Sept. 28, 2018); *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 579 (2012). In addition, Roger's objection that the English translations are not properly "certified" is inapplicable in the summary judgment context, because there is no reason to believe Sharon will not be able to present certified translations at the time of trial in a form that will be admissible.

## CONCLUSION AND PRAYER

Roger and CGIFSI's objections to the evidence proffered by Sharon should be overruled. In light of the voluminous and controverted evidence of Roger's history of delay, secreting community assets, and frustrating the equitable division of community property in the French Divorce Court, this Court should exercise its equitable powers to deny summary judgment and protect the Disputed Funds until the division of property in France can be completed. Roger and CGIFSI have fallen far short of proving their entitlement to summary judgment "beyond peradventure," and their motion for summary judgment should be denied.

WHEREFORE, Sharon MacDonell respectfully requests that the Court OVERRULE Roger and CGIFSI's objections to her summary judgment evidence, DENY Roger and CGIFSI's Motion for Summary Judgment, and GRANT her such other relief to which she is entitled.

Dated:  July 8, 2021                                    Respectfully submitted,


                                                          */s/ Kelli M. Hinson*
                                                        **KELLI M. HINSON**
                                                          Texas State Bar No. 00793956
                                                          Email:  khinson@ccsb.com
                                                        **SVEN STRICKER**
                                                          Texas State Bar No. 24110418
                                                          Email:  sstricker@ccsb.com
                                                        **CARRINGTON, COLEMAN, SLOMAN**
                                                          **& BLUMENTHAL, L.L.P.**
                                                        901 Main Street, Suite 5500
                                                        Dallas, Texas 75202-3767
                                                        214/855-3000 (phone)
                                                        214/580-2641 (fax)

                                                        *Attorneys for Defendant*
                                                        *Sharon MacDonell*