IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMEGY BANK OF TEXAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-00375-N |
| | § | |
| CGI FRANCHISE SYSTEMS, INC., | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

This Order addresses Interpleader Defendants CGI Franchise Systems, Inc.'s ("CGIFSI") and Roger MacDonell's motion for summary judgment [13] seeking a declaration of their superior claims to interpleaded funds in an Amegy Bank of Texas ("Amegy") bank account. Because the bank account at issue belongs solely to CGIFSI, and Roger MacDonell is the sole shareholder and director of CGIFSI, the Court grants the motion.[1]

## I. ORIGINS OF THE DISPUTE OVER THE BANK ACCOUNT FUNDS

In 2014, Interpleader Defendants Sharon MacDonell and Roger MacDonell divorced in Grasse, France, and proceedings regarding the division of marital property remain ongoing there. In February 2020, Roger, the sole shareholder and director of

---

[1] This Order addresses only the parties' dispute over the ownership of the interpleaded funds. This Order does not address other requested relief such as the dismissal of parties, awards of attorneys' fees and costs, or the depositing of the interpleaded funds in the registry of the Court.

ORDER – PAGE 1

CGIFSI, attempted to transfer funds from an Amegy bank account (the "Account") in CGIFSI's name to another account. Before completing the transactions, Amegy received a letter from Sharon's attorney claiming Sharon was entitled to half of the Account pursuant to her divorce and threatening legal action if Amegy completed the transactions. Letter from Michael H. Myers to Amegy Bank [1-3]. Amegy then filed this interpleader action seeking an order (1) discharging Amegy from this action and from all legal liability for any claim related to the Account; (2) awarding Amegy reasonable attorneys' fees from the interpleaded funds; and (3) ordering Amegy to deposit the balance of the disputed funds in the Court's registry. Compl. ¶ 24 [1]. Sharon claims CGIFSI and its assets, including the funds in the Account, are community assets that Roger cannot dissipate pursuant to the French court's divorce judgment. Roger and CGIFSI claim that CGIFSI is the sole owner of the Account, and that Roger has the authority to transfer the funds as the sole shareholder and director of CGIFSI. Roger and CGIFSI filed this motion for summary judgment.

## II.  LEGAL STANDARD FOR SUMMARY JUDGMENT

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, as each claimant does in an interpleader action, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986); *Primerica Life Ins. Co. v. Purselley*, 2017 WL 3780274, at *2 (N.D. Tex. Aug. 31, 2017) (explaining summary judgment in interpleader actions). Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "Conclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Factual controversies are resolved in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Hous.*, 185 F.3d 521, 525 (5th Cir. 1999) (citing *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

In a proper interpleader action, the summary judgment standard is the same as in any other action. *See Primerica Life Ins. Co.*, 2017 WL 3780274, at *2 (citing *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999)). The parties do not dispute that this interpleader action is proper. Therefore, to be entitled to summary judgment, Roger and CGIFSI must establish that there is no genuine issue of material fact and that they are entitled to the interpleaded funds as a matter of law.

### III. THE COURT GRANTS CGIFSI'S AND ROGER MACDONELL'S MOTION FOR SUMMARY JUDGMENT

#### *A. CGIFSI Owns the Account and the Disputed Funds*

CGIFSI is the undisputed legal owner and titleholder of the Account. Def. Sharon MacDonell's Resp. 8 [35]. However, the parties focus much of their briefing on whether CGIFSI is also the "true owner" of the disputed funds in the Account. In limited circumstances, the owner of a bank account or funds in an account may be someone other than the legal titleholder, such as when another party exercises actual control over the account or the facts otherwise suggest another party is the true owner. *See In Re Fin. Corp.*, 669 F.3d 255, 262 (5th Cir. 2012) (upholding a bankruptcy court finding that a party other than the named account-holder owned a bank account where the named account-holder was a separate entity "only on paper") (citing *Silsbee State Bank v. French Mkt. Grocery Co.*, 132 S.W. 465, 466 (Tex. 1910)). However, "control over funds in an account is the predominant factor in determining an account's ownership." *Id.* (citing *Southmark Corp. v. Grosz*, 49 F.3d 1111, 1116–17 (5th Cir. 1995)).

Here, there is no dispute of fact that affects the ownership of the Account or its funds. It is undisputed that CGIFSI opened the Account and the Account is in CGIFSI's name. Decl. of Roger J. MacDonell ¶¶ 2, 4 [14-1]; Def. Sharon MacDonell's Resp. 12. There are no facts in the summary judgment record suggesting that anyone exercised possession or control of the property at issue other than CGIFSI or Amegy prior to this interpleader action. While the owner of a bank account may be someone other than the titleholder in some fact-specific instances, Sharon has not pointed to any facts suggesting

that she or anyone other than CGIFSI exercises control over the Account or its funds. Accordingly, the Court agrees with Roger and CGIFSI that CGIFSI alone owns the Account and the interpleaded funds unless Sharon has some other legitimate property interest in the Account.

### B.  *Roger Is Authorized to Manage the Account on CGIFSI's Behalf*

The parties do not dispute that Roger MacDonell is the president, secretary, sole shareholder, and sole member of the board of directors of CGIFSI.  Decl. of Roger J. MacDonell ¶¶ 2, 7; Def. Sharon MacDonell's Resp. 8.  Sharon argues Roger nonetheless lacks authority to transfer the funds out of the Account, because certain CGIFSI corporate resolutions raised by Roger do not explicitly grant him this authority.  Def. Sharon MacDonell's Resp. 19.  However, Sharon cites no source for the proposition that Roger does not have this authority due to his position as the sole shareholder and director of the corporation.  Regardless, Sharon lacks standing to challenge Roger's authority under the resolutions, because she is not a shareholder of the corporation and has not provided any other legal basis for such a challenge.  Therefore, the Court finds Roger is authorized to conduct these transfers from the Account on behalf of CGIFSI if the funds are not community property.

### C.  *The Amegy Bank Account Funds Are Not Community Property*

Sharon argues that Roger personally lacks legal authority to transfer funds from the Account regardless of his corporate position, because the French divorce court judgment classified CGIFSI's entire value, including its assets, as community property.  According to Sharon, Roger's transfer of the funds amounts to a unilateral dissipation of community

ORDER – PAGE 5

property value in violation of community property law. The Court disagrees, because CGIFSI's assets are not community property at all according to the French court judgment.

The parties disagree on the proper interpretation of the French court's conclusion that "the value of CGIFSI is common property." *Hafner v. MacDonell*, Law Court of Grasse, Family Law Chamber, Jan. 27, 2020, No. 18/00324 - Portalis No. DBWQ-W-B7C-MVNM (Fr.), at 6 [14-1] ("French Divorce J."). The construction of a foreign court's judgment is an issue of law that the Court can properly resolve on summary judgment. *See Gonzalez-Segura v. Sessions*, 882 F.3d 127, 130 (5th Cir. 2018) (noting a dispute between parties regarding the proper interpretation of foreign law does not create a genuine issue as to a material fact precluding summary judgment) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 713 (5th Cir. 1999)); FED. R. CIV. P. 44.1.

The language throughout the judgment makes clear that the quoted language above refers to the stock value of CGIFSI rather than the company's assets. The French court described Sharon's request in the divorce proceedings as a desire for the court to classify CGIFSI itself as community property. French Divorce J. 4. The court then characterized the dispute as having to do not with the parties' rights regarding control or ownership of CGIFSI "but with the separate or common nature of *the value of the shares*." *Id.* at 5 (emphasis added). The French court repeatedly referred to the company's shares before concluding "the value of CGIFSI is common property." *Id.* at 5–6. Therefore, the Court finds that the French divorce judgment did not classify CGIFSI's assets, including the funds in the Account, as community property.

ORDER – PAGE 6

### D. The Court Declines to Deny the Motion on Equitable Grounds

Finally, Sharon asks the Court to deny the motion and proceed to trial to consider who is entitled to the disputed funds in fairness using its broad equity powers in interpleader actions. Without deciding the Court's authority to deny the motion on this basis, the Court declines to do so. As explained above, there is no dispute of material fact warranting a trial in this case. The Court acknowledges Sharon's concerns that Roger may move assets beyond her reach before the French divorce court issues an enforceable judgment dividing the marital property. However, the French court certainly has jurisdiction over Roger himself, and any remedy Sharon may have regarding the improper dissipation of assets while the division proceedings remain ongoing must be there.

## CONCLUSION

CGIFSI owns the Account and the interpleaded funds. Roger MacDonell, as the sole shareholder and director of CGIFSI, is authorized to act on CGIFSI's behalf. Because Roger and CGIFSI have the superior claim to the interpleaded funds, the Court grants the motion for summary judgment.

Signed September 22, 2021.

*David C. Godbey*
United States District Judge